IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH KANE FLEMING, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:19-cv-00357 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAYSI REGIONAL JAIL, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Joseph Kane Fleming, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He names two defendants: "Haysi Regional Jail" and "Cpt. Trish McCoy." In his brief complaint, he states, "I'm being denied my religious mail," and that "they" are supposed to make copies but instead are discarding his mail into the trash "due to color." (Compl. 2, Dkt. No. 1.) He asks for money damages and asks that he be given his religious mail and be shown what has been thrown away. (*Id.*) He offers no other detail or factual allegations in support of his claims.

Upon review of Fleming's complaint, the court concludes that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the

official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vennedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Although Fleming names "Mcoy" as a defendant, he does not allege that Mcoy personally took any action against him or that it was Mcoy who threw away his religious materials. Thus, he fails to state a claim against Mcoy.

Likewise, to the extent he is naming "Haysi Regional Jail" as a defendant, his claims fail. Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983, and Fleming cannot maintain this action against the defendant jail.[1] *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail.").

Furthermore, even if he had properly named a defendant, Fleming's allegation that unspecified religious materials were thrown out is too vague, conclusory, and unsupported by any specific facts to state a cognizable federal claim. To state a claim that a prison official or regulation violated his right to freely exercise his religion, plaintiff must first prove that he holds a sincere religious belief, as opposed to a secular preference, *Wisconsin v. Yoder*, 406 U.S. 205,

---

[1] The court notes that the Southwest Virginia Regional Jail Authority ("Jail Authority") operates the Haysi facility. Even if the court were to construe Fleming's claims as against the Jail Authority, his claims nevertheless fail. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Fleming does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered, and, therefore, he has failed to state a claim against the Jail Authority.

215–16 (1972), and that the official action or regulation substantially burdened his exercise of that belief, *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). As explained by the Fourth Circuit,

> a substantial burden is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs, or one that forces a person to choose between following the precepts of her religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of her religion . . . on the other hand.

*Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006). Fleming's complaint does not facts to set forth this type of claim. He does not identify what his religion is, what the materials were, or any other details about when or why they were thrown out, except to say that it was "due to color." He also fails to state any factual allegations to show that the disposal of his "materials" substantially burdened his exercise of his religion. In short, his allegations plainly fail to state a First Amendment claim.

To the extent that his vague reference to "color" is an attempt to state a claim under the Equal Protection Clause based on race, such a claim is similarly deficient. To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Moreover, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. *Id.* Other than his very conclusory assertion that his materials were thrown out "due to color," Fleming does not state any factual allegations to show that he has

been treated differently than anyone similarly situated, nor does his very conclusory assertion that his materials were thrown out "due to color" suffice to allege improper motive.

For the foregoing reasons, I will summarily dismiss the action without prejudice under § 1915A(b)(1). Nothing in this opinion precludes Fleming from refiling his claims in a new and separate civil action if he can correct the deficiencies described in this opinion, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e, and subject to the applicable statute of limitations.

An appropriate order will be entered.

Entered: January 21, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge